## CLARK vs. HALE.

A vendee of lands who paid $200 towards the purchase money, and afterwards obtained a decree for a specific performance of the contract and a conveyance of the land, of which he neglected to avail himself, and the vendor subsequently obtained an order against the vendee for an account of the rents and profits while he was in possession, cannot set off the payment of $200 against the rents and profits received by him ; but the vendor can retain the payment and also have a full account of the rents.

*J. T. Hudson,* for complainant.

*W. Hubbell,* for defendant.

THE VICE CHANCELLOR. This was a bill originally filed for a specific performance of a contract to convey lands. The complainant paid $200 towards the purchase upon making the contract, and went into possession of the premises. He succeeded in his bill, aud obtained a decree for a specific performance. Before he paid the purchase money and took a deed, the value of the property had so changed, that he was unwilling to take the title. See the case in 7 Paige, 382. The defendant now wants an account of the rents from the complainant, during the time he has been in possession ; and for that purpose he applied to the court by petition at the last

February term, for a reference to a master to ascertain the amount of rents. Such reference was ordered, and the master has made his report. The complainant insists now that he should be allowed the $200 paid by him on making the contract, as an offset to the rents, and that he should have the costs of this motion.

The main point in dispute seems to be the allowance of this $200. The complainant offered to settle without a reference, if this should be allowed him by the defendant. As it was not allowed, the reference proceeded.

I can see no just claim the complainant has to this allowance. He made a contract for the purchase of the land, and paid $200, and went into possession. If he failed to pay the balance according to the contract, he could have been evicted, and must necessarily have lost the $200 paid. Although he has obtained a decree for the conveyance of the land, he declines to take advantage of it. He declines to take the land under the contract made by himself for its purchase. He virtually surrenders the contract and all advantages he has under it, and with it he surrenders the right to the $200 he has paid upon it. It is the same thing as if he had abandoned the land without any proceedings in this court, when clearly he could have had no claim to the repayment of the $200. The master's report must be confirmed as it stands, and this $200 cannot be allowed. The original petition presented 11th February last, asked for too much. The defendant cannot have the costs of that petition, but may have costs of all proceedings thereon subsequent to the order of 11th February last.